**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22607-BLOOM**

LEAMSY IZQUIERDO MOLINA,

      Petitioner,

v.

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT,

      Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court upon *pro se* Petitioner Leamsy Izquierdo Molina's

("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"),

arguing he has been unlawfully detained in Immigration and Customs Enforcement ("ICE")

custody. ECF No. [1]. The Court ordered a response from the Respondent, U.S. Immigration and

Customs Enforcement ("ICE"). *See* ECF No. [7]. The Respondent timely filed a Response. ECF

No. [8]. The Court has considered the Petition, the Response, the record in the case and is fully

advised. For the reasons set forth below, the Petition is denied.

## I.      FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba. ECF No. [8-1] at 2. On May 9, 2013, Petitioner

applied for admission to the United States at the Gateway to the Americas Bridge in Laredo, Texas,

and was paroled for two years pending removal proceedings. *Id*. On December 14, 2017,

Petitioner's Application to Register Permanent Residence or Adjust Status was approved. ECF No.

[8-7]. On July 16, 2018, Petitioner was arrested for Uttering Forged Instrument/Check, Organized

Scheme to Defraud, and Grand Theft First Degree Over 100k. ECF No. [8-8] at 1-3. In December 2020, Petitioner pled guilty to Uttering Forged Instrument and Grand Theft First Degree Over 100k and was sentenced to five years of probation. *Id.* at 10.

On August 27, 2023, Petitioner arrived at Miami International Airport on a flight from Cuba as a Lawful Permanent Resident. ECF No. [8-9] at 2. Customs and Border Protection ("CBP") determined that Petitioner appeared to be inadmissible pursuant to § 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA") due to his criminal conviction. *Id.* at 3. CBP released Petitioner on parole. ECF No. [8-10]. Petitioner was issued a Notice to Appear ("NTA") charging him with inadmissibility pursuant to § 212(a)(2)(A)(i)(I) of the INA, as someone who has been convicted of a crime involving moral turpitude. ECF No. [8-11] at 1.

On July 2, 2025, ICE Enforcement and Removal Operations ("ERO") officers encountered Petitioner at the Turner Guilford Knight Correctional Center in Miami, Florida. ECF No. [8-16] at 2. On July 3, 2025, a warrant was issued for Petitioner's arrest. ECF No. [8-17] at 1. Petitioner was transferred to ICE ERO custody on July 6, 2025. ECF No. [8-18]. On July 28, 2025, an immigration judge found that Petitioner was statutorily ineligible for bond as an arriving alien. ECF No. [8-19] at 1. Petitioner remains detained at Krome North Service Processing Center, located in Miami, Florida. ECF No. [8-18].

On April 15, 2026, Petition filed this Petition challenging his immigration detention and arguing that his prolonged detention without a bond hearing violates his constitutional due process rights. ECF No. [1] ¶ 16. Petitioner seeks immediate release from custody or a bond hearing before an immigration judge. *Id.* ¶ 20. Respondent responds that Petitioner is properly detained as an arriving alien under 8 U.S.C. § 1225(b)(2), this Court lacks jurisdiction, and the Petitioner failed to exhaust his administrative remedies. ECF No. [8]. The matter is ripe for review.

## II.     LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

### A. Jurisdiction

Respondent argues the Court lacks jurisdiction to decide the Petition. ECF No. [8] at 7-9. Respondents assert 8 U.S.C. § 1252(g) divests the Court of jurisdiction to review decisions "arising from" the decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien." *Id.* (citing 8 U.S.C. § 1252(g)). Respondents claim Petitioner is essentially challenging the decision to commence removal proceedings and detain Petitioner pending such proceedings, which is expressly prohibited by § 1252(g). *Id.* Petitioner does not respond to Respondent's jurisdictional arguments.

While federal district courts still generally retain jurisdiction to review immigration detention claims, in enacting 8 U.S.C. § 1252, Congress has curtailed district court's subject matter jurisdiction over certain immigration actions. Section 1252 strips district court review of certain factual or legal issues concerning specific discretionary decisions related to immigration removal proceedings. Section 1252 has also consolidated review of certain immigration actions in the court of appeals. Relevant here, § 1252(g) strips federal district courts of jurisdiction where the petitioner's claims challenge or arise from (1) the commencement of removal proceedings, (2) the adjudication of cases, and (3) the execution of final removal

orders. *See Barrios v. Ripa*, No. 25-cv-22644, 2025 WL 2280485, at \*4 (S.D. Fla. Aug. 8, 2025) (citing 8 U.S.C. § 1252(g)). While § 1252(g) "bars courts from reviewing certain exercises of discretion by the attorney general, it does not proscribe substantive review of the underlying legal basis for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006).

Whether § 1252(g) strips this Court of jurisdiction depends on the nature of Petitioner's challenge to his detention. Where Respondent argues Petitioner is detained pursuant to § 1225(b)(2) and Petitioner argues his prolonged detention is excessive and is without adequate justification, Petitioner challenges whether there is a lawful basis for his detention, which district courts have jurisdiction to hear. *See e.g.*, *Merino v. Ripa*, No. 25-cv-23845, 2025 WL 2941609, at \*3 (S.D. Fla. Oct. 15, 2025) (finding the court has jurisdiction to hear challenges to ongoing detention pending removal proceedings when the parties dispute the statutory basis of petitioner's detention). Thus, this Court has jurisdiction to determine the underlying statutory basis for Petitioner's detention.

### B. Exhaustion of Administrative Remedies

Respondent also argues that the Petition should be dismissed because Petitioner has failed to exhaust available administrative remedies and has not shown administrative review would be futile. ECF No. [8] at 9-10. Although Petitioner does not directly address administrative exhaustion, the Court concludes exhaustion would be futile.

The exhaustion requirement under 8 U.S.C. § 1252(d)(1) "is not jurisdictional," but rather prudential. *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023) (acknowledging the abrogation of prior Eleventh Circuit precedent interpreting § 1252(d)(1) as a jurisdictional bar by *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023)). As a result, administrative "exhaustion is not required where no genuine opportunity for adequate relief exists . . . or an administrative

appeal would be futile." *Linfors v. United States*, 673 F.2d 332, 334 (11th Cir. 1982) (citing *Von Hoffberg v. Alexander*, 615 F.2d 633, 638 (5th Cir. 1980)). In *Yajure Hurtado*, the Board of Immigration Appeals ("BIA") concluded that "aliens who are present in the United States without admission are applicants for admission under . . . 8 U.S.C. § 1225(b)(2)(A), and must be detained for the duration of their removal proceedings." 29 I&N Dec. 216, 220 (BIA 2025). Courts have concluded that because of *Yajure Hurtado*, any appeal to the BIA is essentially futile. *See, e.g.*, *Puga v. Assistant Field Dir., Krome N. Serv. Processing Ctr.*, No. 25-24535, 2025 WL 2938369, at *2 (S.D. Fla. Oct. 15, 2025) ("Since the result of Petitioner's custody redetermination and any subsequent bond appeal to the BIA is nearly a foregone conclusion under *Matter of Yajure Hurtado*, any prudential exhaustion requirements are excused for futility."). The Court therefore excuses exhaustion.

### C. Detention Pending Removal Proceedings

Respondent argues — and Petitioner does not dispute — that Petitioner is detained as an arriving alien under 8 U.S.C. § 1225(b)(2). ECF No. [8] at 5-10. The Court agrees.

On August 27, 2023, Petitioner arrived at Miami International Airport on a flight from Cuba and applied for admission to the United States as a Lawful Permanent Resident. ECF No. [8-9] at 2. CBP determined that Petitioner appeared to be inadmissible into the United States pursuant to § 212(a)(2)(A)(i)(I) of the INA due to his criminal conviction. *Id*. at 3. On the same day, Petitioner was issued an NTA, charging him with inadmissibility pursuant to § 212(a)(2)(A)(i)(I) of the INA as an alien who has been convicted of a crime involving moral turpitude. ECF No. [8-11] at 1. The NTA classified Petitioner as an arriving alien. *Id*. at 1.

Under 8 U.S.C. § 1101(a)(13)(C)(v), "[a]n alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien has committed an offense identified in section

5

1182(a)(2) of this title." 8 U.S.C. § 1101(a)(13)(C)(v). Section 1182(a)(2) provides that "[e]xcept as provided in clause (ii), any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude (other than a purely political offense) or an attempt or conspiracy to commit such a crime . . . is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i).

In December 2020, Petitioner plead guilty Uttering Forged Instrument and Grand Theft First Degree Over 100k, which are crimes involving moral turpitude. *See Jordan v. De George*, 341 U.S. 223, 231 (1951) ("[C]rimes in which fraud was an ingredient have always been regarded as involving moral turpitude."); *Walker v. U.S. Att'y Gen.*, 783 F.3d 1226, 1229 (11th Cir. 2015) ("Because uttering a forged instrument involves deceit, we hold that it is a crime of moral turpitude."). When Petitioner arrived at Miami International Airport as a Lawful Permanent Resident, he was properly regarded as an alien "seeking an admission into the United States" because of his convictions for crimes involving moral turpitude. *See* 8 U.S.C. § 1101(a)(13)(C)(v); *see also Jallim v. U.S. Att'y Gen.*, 712 F. App'x 970, 974 (11th Cir. 2017) ("In short, although Petitioner was a lawful permanent resident returning to the United States, he could be regarded as seeking admission and charged with inadmissibility because his conviction for a crime involving moral turpitude fell within one of the exceptions outlined in § 1101(a)(13)(C)."). As an alien seeking admission into the United States, Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides that "the alien *shall* be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]

---

[1] The conclusion that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) aligns with the Eleventh Circuit's recent opinion regarding the interpretation of 8 U.S.C. § 1225. In *Fidencio Alvarez v. Warden, Fed. Det. Ctr. Miami, et al.*, No. 25-14065, slip op. (11th Cir. May 6, 2026), the Eleventh Circuit explained that someone is properly detained pending removal proceedings under § 1225(b)(2)(A) "if he (1) is arriving in the United States or is present in the United States without having been granted lawful entry; (2) is seeking lawful entry after inspection and authorization by an immigration officer; and

Despite this, Petitioner argues that his "extended" detention violates his due process rights. ECF No. [1] ¶ 16. Petitioner has been continuously detained since July 6, 2025. *See id*. ¶ 2; ECF No. [8-18]. The Court recognizes that Petitioner has spent significant time in civil immigration detention and acknowledges the hardships suffered by both Petitioner and his family. *See* ECF No. [1] ¶¶ 13, 15. However, as Respondent points out, the Supreme Court in *Jennings* held that "[§ 1225(b)(2)] mandate[s] detention until a certain point and authorize[s] release prior to that point only under limited circumstances. As a result, neither [§§ 1225(b)(1) and (b)(2)] can reasonably be read to limit detention to six months." *Jennings v. Rodriguez*, 583 U.S. 281, 301 (2018) (alterations added). The Supreme Court noted that § 1225(b)(2) "provide[s] for detention for a specified period of time. . . . 'for a [removal] proceeding.'" *Id*. at 299 (quoting § 1225(b)(2)(A)) (alteration in original). "The plain meaning of those phrases is that detention *must* continue . . . until removal proceedings have concluded." *Id*. (emphasis added). Accordingly, Petitioner's extended detention is lawful pursuant to § 1225(b)(2)(A).

## IV.    CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Petitioner's Petition for Writ of Habeas Corpus, **ECF No. [1]**, is **DENIED.**

2. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

3. The Clerk of Court shall **CLOSE** this case.

---

(3) is not clearly and beyond a doubt entitled to lawful entry, as determined by the examining immigration officer." *Id.* at 19-20 (citing § 1225(b)(2)(A)). Where Petitioner was arriving in the United States, is statutorily defined to be "seeking admission," and CBP determined he was not entitled to lawful entry because of his criminal conviction, Petitioner satisfies the requirements for detention under § 1225(b)(2)(A).

Case No. 26-cv-22607-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies provided to:

Counsel of Record

Leamsy Izquierdo Molina, *Pro Se*
A# 205979273
Krome North Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

8